IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ADA BATES and<br>THELMA FAYE MOORE,<br><br>  Plaintiffs,<br><br>vs.<br><br>BENTON COUNTY, TENNESSEE,<br>BARRY BARNETT, individually and in his<br>official capacity as the Mayor of Benton County,<br>Tennessee, and JILLIAN JOHNSON, individually<br>and in her official capacity as Director of the<br>Benton County, Tennessee Animal Shelter,<br><br>  Defendants. | Dkt. No. 17-cv-1128<br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for damages, declaratory and injunctive relief, both preliminary and permanent, to redress the violation of rights secured by the First Amendment to the United States Constitution. Jurisdiction is invoked pursuant to 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. § 1331. Declaratory and injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiffs further invoke the pendent jurisdiction of this Court to hear and determine claims arising under state law, including T.C.A. § 50-1-304, the Tennessee Public Protection Act; T.C.A. §8-50-602, the Public Employee Political Freedom Act of 1980. All of the actions complained of herein occurred in Benton County, Tennessee, within the jurisdiction and venue of this Court.

## II. PARTIES

2.      Plaintiff, Ada Bates, (hereinafter "Bates") is a resident of Benton County, Tennessee, and was at all times relevant hereto employed by Defendant Benton, County, Tennessee at the Benton County Animal Shelter.

3.      Plaintiff, Thelma Faye Moore, (hereinafter "Moore") is a resident of Benton County, Tennessee, and was at all times relevant hereto employed by Defendant Benton County, Tennessee at the Benton County Animal Shelter.

4.      Defendant, Benton County, Tennessee, (hereinafter "Benton County") is a governmental entity duly incorporated under the laws of the State of Tennessee.  At all times pertinent hereto, Defendant is and was the employer of all employees of the Benton County Animal Shelter.  Benton County is a person within the meaning of 42 U.S.C. § 1983 and an employer under T.C.A. § 50-1-304 and is subject to suit under said statutes.   Service of process may be obtained on Benton County, Tennessee by serving its Mayor, Barry Barnett, at 1 Court Square, Room 102, Camden, Tennessee 38320.

5.      Defendant, Mayor Barry Barnett, (hereinafter "Barnett") was at all times mentioned in this Complaint the duly elected and acting Mayor of Benton County, Tennessee, and was acting under color of law, to wit:  under color of the statutes, charter, and ordinances, regulations, policies, customs, and usages of the State of Tennessee and Benton County, Tennessee; and is a resident of Benton County, Tennessee.  Defendant Barnett is sued in his individual capacity and in his official capacity as a policy maker for Benton County, Tennessee.  Service of process may be obtained on defendant Barnett at 1 Court Square, Room 102, Camden, Tennessee 38320.

6.      Defendant, Jillian Johnson, (hereinafter "Johnson") was at all times mentioned in this Complaint the duly acting Director of the Benton County, Tennessee Animal Shelter and was

2

acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs, and usages of the State of Tennessee and Benton County, Tennessee; and is a resident of Benton County, Tennessee. Johnson is sued in her individual capacity and in her official capacity as a policy maker for Benton County, Tennessee.  Service of process may be obtained on Johnson at 915 Divider & Natchez Trace Rd., Camden, Tennessee 38320.

### III.  STATEMENT OF CLAIMS

7. Bates began her employment with Benton County on May 17, 2016 working as an Animal Control Officer for the Benton County Animal Shelter.

8. Moore began her employment with Benton County on April 29, 2015 working as an Animal Control officer at the Benton County Animal Shelter.

9. The Benton County Animal Shelter is responsible for housing and placing stray and unclaimed dogs and cats for the Benton County.  The County was required to follow certain statutes and regulation of the State of Tennessee in the placement of the animals. Persons adopting animals are required to pay certain fees for the adoption.  Benton County is required to follow certain protocol in the adoption process and account for the proceeds of the money collected.

10. Johnson was at all times relevant hereto, the Director of the Benton County Animal Shelter. Johnson was the individual at the shelter responsible for placing the animals housed by the shelter, seeing that the adoption protocols were followed and accounting for the funds collected by the shelter in the adoption process.

11. Through their employment and on or about July of 2016 Plaintiffs learned that Johnson had not been following proper procedures in placing certain dogs with the certain animal rescue groups, particularly the Rural Animal Rescue Effort operated by Trish Crowder.  The information available to Plaintiffs indicated that this group was receiving preferential treatment in

the placement of particular dogs and that the fees paid to adopt these dogs were not being reported to the County and appropriately accounted for.

12. On August 19, 2016 Bates "liked" a Facebook post on the Benton Countyans Against Corruption Facebook page maintained by Joe Kyle pertaining to an employee of the city and shared a post about allegations of a possible conflict of interest of a Benton County Commissioner, Jerry Brandon. The next day at work Johnson commented on Bates' Facebook post and questioned her about the Brandon post.

13. On August 21, 2016, Bates blocked Johnson from her Facebook page. The next day Johnson stormed into work and asked Bates why she had been blocked from her Facebook page and sent her home "to think about things". Later that day Bates called Benton County Commissioner Morris Rogers and advised him of the issues she had become aware of with Johnson. Upon information and belief Plaintiffs aver that Johnson immediately became aware of that call. Shortly after Bates' phone conversation with Morris, Johnson called Bates and told her not to come in to work the next day.

14. The next day August 23, 2016 Johnson terminated Bates employment with Benton County.

15. On August 28, 2016 Plaintiffs had a meeting with Joe and Debbie Kyle wherein problems at that animal shelter were discussed. Joe Kyle maintains a Facebook page entitled Benton Countyans Against Corruption that makes public comment on issues with Benton County. Johnson and Barnett are familiar with the web site. Upon information and belief Johnson was aware of that meeting.

16. On August 29, 2016 Moore was called into Barnett's office, with both Barnett and Johnson present and was questioned about her interactions with Bates since her termination.

Johnson indicated that she was aware that Moore had met with the Kyles and Bates the day before and made comments about Moore associating with "those kinds of people after everything they had been through". Barnett told her not to talk to any county commissioners in the future about problems at the shelter, to only talk to him. They also asked her if the meeting with the Kyles and Moore was planned and what they talked about. Moore refused to tell them what had been discussed at the meeting.

17. After that meeting on August 29, 2016, Johnson began to cut Moore's work hours.

18. On September 6, 2016, Johnson had someone come and change the password on Moore's computer. Moore was concerned that because Johnson had access to her login and password, she might try and make it look like Moore had been the one that had misappropriated shelter funds.

19. After her shift on September 6, 2016, Moore went to the Benton County Sheriff and advised him that she thought Johnson was misappropriating shelter funds and about Johnson changing the passwords. She told him she was afraid Johnson was going to try and make it look like she was the one misappropriating funds. The sheriff told her to give him a written statement, which he would keep if anything ever came up about.

20. On September 8, 2016 Johnson told Moore to enter some information into the system using her new password. Moore refused, telling her she didn't feel comfortable because other people had had access to the password for a few days. Moore subsequently went to Barnett and told him that Johnson had changed the password and wanted her to enter information under the new password and she didn't feel comfortable doing so because others had had access to her new password. Moore offered to set up her own password so she wouldn't have to worry about

being set up for accusations of possible wrongdoing. Barnett told Moore he'd talk to Johnson about the situation and to go home and come back to work the next day.

21.     On September 9, 2016 Moore came to work as directed by Barnett and Johnson sent her home "to think about it" and take the weekend off and came back to work on Monday. The following week, Johnson drastically cut Moore's hours again.

22.     Because of their belief that Johnson was violating criminal laws in the handling of the funds received for the dog placements, Plaintiffs contacted Matt Stowe, the duly elected District Attorney for the 24th Judicial District of Tennessee which includes Benton County. Stowe held a meeting with Plaintiffs on September 12, 2016 to discuss the information the Plaintiffs had regarding Johnson's actions that was also attended by Debbie Kyle, County Commissioner Rocky Preston, County Commissioner Tracy Hightower, County Commissioner Gary Evans, County Commissioner Ward Plant, Linda Whiting and Benton County Sheriff, Kenny Christopher. Although neither Johnson nor Barnett were present at that meeting, Plaintiffs aver upon information and belief, that both of these individuals were aware of that meeting.

23.     Following that meeting, on September 16, 2017, the District Attorney faxed a letter to Barnett advising that there was an investigation into allegations of malfeasance in the operation of the animal shelter and directing him to preserve evidence that might be related to the investigation. Plaintiffs aver that the Johnson and Barnett were aware of the letter shortly after it was faxed.

24.     Upon information and belief, on or before September 16, 2016, Johnson became aware of the Plaintiffs' meeting with the District Attorney and the other individuals. Moore reported to work on September 16th and was again told to go home "think about it" and to be at Barnett's office on September 19th at 8:00 a.m.

25. On September 19th Moore went to Barnett's office as directed. Johnson was there with Barnett and handed Moore a copy of the letter from the District Attorney and said they all might be questioned about it and if need be, they all might have to hire attorneys and if so, they would do so. Barnett then told Moore she was fired.

### IV.  CAUSES OF ACTION

COUNT I
Claims brought pursuant to 42 U.S.C. § 1983

FIRST AMENDMENT CLAIMS

26. Plaintiff incorporates by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

27. Plaintiffs aver that Defendant Benton County and Defendants Barnett and Johnson, in their individual and/or official capacities as policy makers for the Defendant Benton County acting intentionally and/or with deliberate indifference to Plaintiffs' constitutional rights, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of their rights under said Amendment, resulting in the damages listed below.

28. Plaintiffs aver that Defendant Benton County and Defendants Barnett and Johnson, in their individual and/or official capacities as policy makers for the Defendant Benton County, acting intentionally and/or with deliberate indifference to Plaintiffs' constitutional rights, retaliated against the Plaintiff for associating with certain individuals, in violation of their rights under the First Amendment, resulting in the damages listed below.

29. Plaintiffs aver that Defendants Barnett and Johnson acting in their individual and/or official capacities, conspired with the each other and acting intentionally and/or with deliberate indifference to Plaintiffs' constitutional rights, retaliated against the Plaintiffs for engaging in activities and speech protected by the First Amendment to the United States Constitution in violation of their rights under said Amendment, resulting in the damages listed below

## COUNT II

## TENNESSEE PUBLIC PROTECTION ACT

30. Plaintiffs incorporate by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

31. Plaintiffs avers that the above stated acts of the Defendant Benton County, acting as the Plaintiffs' employer, was a termination of their employment in retaliation for having refused to engage in or remain silent about illegal activities, in violation of their rights under T.C.A. § 50-1-304.

## COUNT III

## VIOLATION OF PUBLIC EMPLOYEE POLITICAL FREEDOM ACT OF 1980

32. Plaintiffs incorporate by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

33. Plaintiffs aver that they exercised their rights under the Public Employee Political Freedom Act of 1980 under T.C.A. § 8-50-602.

34. Plaintiffs aver that the named Defendants violated their rights under the Public Employee Political Freedom Act of 1980 by terminating their employment for communicating with elected public officials as indicated in the preceding paragraphs.

35. Plaintiffs further aver that the Defendants retaliated against them due to their exercise of rights under the Public Employee Political Freedom Act of 1980.

36. Plaintiffs aver that they have been damaged as a result of Defendants' unlawful, discriminatory, and retaliatory actions taken in violation of the Public Employee Political Freedom Act of 1980.

37. Plaintiff avers that the named Defendants knowingly, intentionally, willfully, and deliberately disregarded their rights under the Public Employee Political Freedom Act of 1980.

## COUNT IV

## CIVIL CONSPIRACY

38. Plaintiffs incorporate by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

39. Plaintiffs aver that the named Defendants acted with a common purpose to unlawfully terminate Plaintiffs employment with Benton County.

40. Plaintiffs aver that all named Defendants intended to accomplish this common purpose and knew of each other's intent to accomplish this common purpose that directly injured Plaintiffs by depriving Plaintiffs of their employment and the benefits thereof as complained of herein.

41. Plaintiffs aver that all named Defendants engaged in one or more overt acts in furtherance of the conspiracy.

42. Plaintiffs aver that the overt acts of all named Defendants were committed in furtherance of the conspiracy and were acts that directly injured Plaintiffs by depriving them of their employment and the benefits thereof.

## V.  DAMAGES

43. As a direct and proximate cause of the foregoing deprivations of constitutional freedoms and statutory rights committed by Defendants, Plaintiffs have suffered mental anguish, public humiliation, diminished reputation, loss of employment and the benefits of employment, and have had to retain legal counsel to defend and prosecute their rights.

44. As a basis for punitive damages, Plaintiffs would show that the deprivations of constitutional freedoms and statutory rights by Defendants Barnett and Johnson acting in their individual capacities were knowingly, intentionally, and maliciously done; and said acts were further an abuse of the power and trust for public officers.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court:

a. Declare Defendants' actions taken against Plaintiffs to be in violation of 42 U.S.C. § 1983 and in contravention of the First Amendment to the United States Constitution;

b. Enter a preliminary, and thereafter a permanent, injunction enjoining Defendants from engaging in the practices in violation of the United States Constitution;

c. Award Plaintiffs compensatory damages against Defendants as authorized by 42 U.S.C. § 1983 in the amount to which she shows herself entitled;

d. Award Plaintiffs punitive damages against Defendants Barnett and Johnson in their individual capacity;

e. Award Plaintiffs their costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988, and/or the Tennessee Public Protection Act and/or the Public Employee Political Freedom Act of 1980;

  f. Award Plaintiffs any further relief, both general and specific, to which they may be entitled to in the premises;

  g. Grant Plaintiffs a trial by jury in this cause.

          Respectfully Submitted,

          WEINMAN THOMAS LAW FIRM


          /s/ Michael L. Weinman
          Michael L. Weinman (#015074)
          *Attorney for Plaintiff*
          112 S. Liberty Street, Suite 321
          P.O. Box 266
          Jackson, TN 38302
          (731) 423-5565
          mike@weinmanthomas.com